

**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
EILEEN HENDERSON,                   :
                                    :
                    Plaintiff,      :   Case No 04 Civ. 4553 (CLB)(MDF)
                                    :
vs.                                 :   ANSWER
                                    :
REGENERON PHARMACEUTICALS,          :
                                    :
                    Defendant.      :
                                    :
------------------------------------x

Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron"), sued incorrectly herein as Regeneron Pharmaceuticals, by its attorneys, Herrick, Feinstein LLP, as and for its answer to plaintiff's Complaint, alleges as follows:

### IN ANSWER TO THE INTRODUCTION

Neither admits or denies the allegations contained in the introduction to the Complaint in that they are questions of law which are respectfully referred to the Court for determination.

### IN ANSWER TO THE NUMBERED ALLEGATIONS

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.  Admits the allegations contained in paragraph 2 of the Complaint.

3.  Admits the allegations contained in paragraph 3 of the Complaint.

4.  Denies the allegations contained in paragraph 4 of the Complaint.

5.  Denies the allegations contained in paragraph 5 of the Complaint.

HFNY2: #791619 v.1 #10910-0001

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

6. Admits the allegations contained in paragraph 6 of the Complaint, except denies that any discriminatory acts were ever committed.

7. Denies the allegations contained in paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date of plaintiff's birth.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that plaintiff was terminated.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. There are no allegations contained in paragraph 11 of the Complaint which require a response.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and respectfully refers to the Notice of Right to Sue annexed to the Complaint for its contents.

## FIRST AFFIRMATIVE DEFENSE

13. Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

14. Plaintiff's claims are time-barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

15. Plaintiff has failed to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

16. The complaint exceeds the scope of the charge plaintiff filed with the EEOC.

### FIFTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred because the EEOC did not investigate the case for the requisite 180 day period.

### SIXTH AFFIRMATIVE DEFENSE

18. The termination of plaintiff's employment was proper in that plaintiff was an at-will employee who could be terminated for any reason or no reason at all.

### SEVENTH AFFIRMATIVE DEFENSE

19. The termination of plaintiff's employment was proper in that there was no illegal discriminatory basis for such termination.

### EIGHTH AFFIRMATIVE DEFENSE

20. Plaintiff's termination resulted from her own wrongful conduct, including insubordination, absences and tardiness, and violation of company policies, and was in accordance with an agreement she signed relating to her conduct.

### NINTH AFFIRMATIVE DEFENSE

21. Plaintiff was not at any time discriminatorily deprived of advancement or promotion.

### TENTH AFFIRMATIVE DEFENSE

22. Plaintiff was not discriminatorily subjected to unequal terms and conditions of employment.

### ELEVENTH AFFIRMATIVE DEFENSE

23. Regeneron did not at any time retaliate against plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

24. Regeneron has not engaged in any discriminatory practice toward plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

25. All decisions made with respect to plaintiff were made for legitimate business reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

26. Plaintiff suffered no tangible job detriment as a result of the alleged discriminatory conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

27. Regeneron exercised reasonable care to prevent and correct promptly any discriminatory conduct, including maintaining anti-discrimination and anti-harassment policies with a specified complaint procedure which are disseminated to all employees.

28. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Regeneron or to avoid harm otherwise.

### SIXTEENTH AFFIRMATIVE DEFENSE

29. To the extent that plaintiff made any complaints, Regeneron responded reasonably, including promptly undertaking a thorough investigation and, to the extent warranted, taking prompt corrective action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's allegations in the Complaint of an isolated incident and remark, even if true, fail to constitute or rise to the level of discrimination under the law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff failed to mitigate her damages.

## NINTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff fails to allege facts sufficient to recover punitive damages against Regeneron and, in any event, plaintiff is not entitled to punitive damages as a matter of law.

**WHEREFORE**, Regeneron demands that judgment be entered dismissing the Complaint and awarding Regeneron attorneys' fees, cost and disbursements incurred in connection with the defense of this action and such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 21, 2004

HERRICK, FEINSTEIN LLP

_____
Geri S. Krauss (GK-8475)
Attorneys for Regeneron Pharmaceuticals
2 Park Avenue
New York, NY 10016
(212) 592-1400

TO:   Eileen Henderson
      Pro Se
      2831 Exterior Street #8K
      Bronx, New York 10463
      (718) 562-5865

HFNY2: #791619 v.1 #10910-0001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

EILEEN HENDERSON,                           : Case No. 04 Civ. 4553
                                            :
                    Plaintiff,              : **AFFIDAVIT OF SERVICE**
                                            :
vs.                                         :
                                            :
REGENERON PHARMACEUTICALS,                  :
                                            :
                    Defendant.              :
                                            :
------------------------------------x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

        I, LAURA CALLAHAN, being sworn say:

        I am not a party to the action, am over 18 years of age and reside in Astoria, New York.

        On October 21, 2004, I served the within ANSWER by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth below:

        Eileen Henderson.
        2831 Exterior Street #8K
        Bronx, NY 10463

_____
Laura Callahan

Sworn to before me this
21st day of October 2004.

_____
Notary Public

JONATHAN W. SKIDMORE
Notary Public, State of New York
No. 4974040
Qualified in Nassau County
Commission Expires November 5, 2006

HFNY2: #792161 v.1 #10910-0001